UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOEL R. FUENTES <br> TANYA N. RODRIGUEZ <br><br> Plaintiffs; <br><br> V. <br><br> UNITED STATES OF AMERICA <br><br> Defendant. | Case No._____ <br><br> COMPLAINT FOR DAMAGES AND NEGLIGENCE <br><br> NEGLIGENCE (FTCA) <br><br> AUGUST 3, 2022 |

## COMPLAINT

The plaintiffs, Raphael Fuentes and Tanya Rodriguez, by their attorney, Bruce D. Jacobs, as and for her complaint against the Defendant, alleges, upon information and belief, as follows:

**Nature of the Proceeding**

1. This is an action for money damages due to injuries to person and property as the result of a motor vehicle accident caused by the negligence of an employee of the United States of America while acting within the scope of his employment.

**Parties and Jurisdiction**

2. At all times herein the plaintiffs, Joel Raphael Fuentes and Tanya N. Rodriguez were residents of New Haven, Connecticut.

3. The defendant is the United States of America, as the operator of the Immigration and Customs Enforcement (ICE) part of the Department of Homeland Security (DHS) with a Connecticut address of 450 Main Street; Suite 501; Hartford, Connecticut and, upon information and belief, a national headquarters of 245 Murray Ln SW, Washington, DC.

4. Original jurisdiction is based on the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 1346(b), 2671, et seq.

5. Venue is proper under 28 U.S.C. 1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the District of Connecticut and arose from a motor vehicle accident that occurred in New Haven, CT and in the district where the Plaintiffs reside.

6. Plaintiffs have exhausted their administrative remedies by presenting the required claim with the appropriate agency of the Defendant, the United States of America, namely the United States Department of Homeland Security, and more than six months have lapsed since the presentation of the claim.

7. As of this filing, no response has been made by the government except to say that the claim was still being processed and investigated and indicating that a response would be forthcoming.

8. Pursuant to 28 U.S.C. 2675(a), the claimant elects the failure of the agency to make a final disposition of the claim as a final denial of claim and files this matter timely under 28 U.S.C. 1402(b).

**Basis of Claim**

9. On or about August 14, 2020, at 12:39 pm, the Plaintiff, Fuentes was the operator of a motor vehicle in which the Plaintiff, Rodriguez was at passenger, which was stopped in traffic on Ferry Street, attempting to take a left turn onto Peck Street in New Haven, Connecticut.

10. At said time and place, Steven Palumbo, an agent and/or employee of the United States of America through its agency DHS and ICE was operating a motor vehicle owned by the DHS to the rear of the Plaintiffs' vehicle.

11. At said time and place, Steven Palumbo was operating the DHS vehicle as an employee, agent and/or servant of the Defendant United States of America acting within the scope of his authority and employment.

12. At said time and place, the Defendant's agent and/or employee struck the Plaintiffs' vehicle, resulting in the injuries and losses hereinafter set forth.

13. The collision was the fault of the Defendant's agent and/or employee.

14. The collision was caused by the negligence of the Defendant's agent and/or employee in one or more of the following ways:

   a. in that he violated C.G.S. § 14-240 by following too closely;

   b. in that he failed to be attentive and keep a reasonable and proper lookout and pay attention to where he was going;

   c. in that he failed to keep and operate his vehicle under proper control;

   d. in that he operated his vehicle at a greater rate of speed than the circumstances warranted;

   e. in that he failed to apply his brakes in time to avoid the collision although by a reasonable exercise of his faculties he could have and should have done so; and

   f. in that he failed to turn his motor vehicle to the left or right to avoid the collision although by a reasonable exercise of his faculties he could have and should have done so.

15. As a direct result of the collision, the Plaintiff, Joel Raphael Fuentes, suffered the following injuries:

   a. Neck injury;

   b. Back injury;

   c. Post-traumatic headaches;

   d. Pain and suffering;

   e. Mental anguish;

   f. Property damage to his vehicle.

16. As a result of his injuries the Plaintiff, Fuentes, has incurred expenses for medical care, chiropractic treatment, and other diagnostic evaluation all to his further loss and detriment.

17. As a result of her injuries, the Plaintiff, Tanya Rodriguez, suffered the following injuries;

   a. Neck injury;

   b. Back injury;

   c. Pain and suffering;

   d. Mental anguish;

18. As a result of his injuries the Plaintiff, Rodriguez has incurred expenses for medical care, chiropractic treatment, and other diagnostic evaluation all to his further loss and detriment.

19. Plaintiffs' administrative claims were presented on or about May 27, 2021 seeking $18,000.00 on behalf of the Plaintiff Raphael Fuentes and $20,000.00 on behalf of the Plaintiff, Tanya Rodriguez.

## **REQUEST FOR RELIEF**

Wherefore, the plaintiff, **Plaintiffs** demand judgment against the defendant for compensatory damages in the amount of:

$18,000.00 plus costs for the Plaintiff, Joel Raphael Fuentes;

$20,000.00 plus costs for the plaintiff, Tanya Rodriguez

THE PLAINTIFFS,

By: */s/ Bruce D. Jacobs*
Bruce D. Jacobs
Federal Bar No. ct12191
Jacobs & Jacobs, LLC
One Audubon Street; Ste. 103
New Haven, CT 06511
Ph:  203-777-2300
Fax: 203-773-8075
bjacobs@jacobs-jacobs.com